UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOSE ATHERTON | : | CIVIL NO. _____ |
| Plaintiff | : | (Judge _____) |
| v. | : | |
| | : | |
| ROOFERS LOCAL 30 COMBINED | : | |
| ANNUITY PLAN, | : | |
| Defendant | : | |

## COMPLAINT

AND NOW, comes the Plaintiff, Mose Atherton (hereinafter "Atherton"), by and through his counsel, Goldberg Katzman, P.C., who files this Complaint by respectfully stating the following:

**I.   PARTIES**

1. The Plaintiff, Mose Atherton (hereinafter "Atherton"), is an adult individual residing at 209 Dark Hollow Road, Mount Union, Pennsylvania 17066.

2. The Defendant, Roofers Local 30 Combined Annuity Plan (hereinafter "The Plan"), is a combined annuity plan sponsored by Roofers Local 30 Benefits Funds located in Denver, Colorado.

**II.   JURISDICTION**

3. This Court has jurisdiction over this matter pursuant to the Employer Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1131.

### III. VENUE

4.  Venue in this district is proper pursuant to 29 U.S.C. §1132(e)(2). The Plan breached its obligation to pay Atherton his separation withdraw benefit. The breach took place where the benefit was to be received by Atherton, which was his residence in Mount Union, Huntington County, Pennsylvania.

### IV. FACTS

5.  Atherton was a roofer covered under the Roofers Union Local 30 Commercial and Residential Collective Bargaining Agreement.

6.  Atherton paid into and participated in the Plan.

7.  Atherton was a vested participant in the Plan.

8.  Atherton separated from all work covered under the Roofers Union Local 30 Commercial and Residential Collective Bargaining Agreement in the geographic jurisdiction covered by the Agreement as of April 19, 2007.

9.  More than two (2) years after Atherton separated from all work covered under the Agreement, Atherton applied for a separation withdraw of his annuity account balance from the Plan.

10. On September 19, 2009, the Plan notified Atherton that his application for a separation withdraw had been denied because he allegedly did not meet the Plan's requirement for being separated from the roofing industry for at least twenty-four months prior to his application for a separation withdraw.

11. Pursuant to the Plan's administrative appeal procedures, Atherton requested an appeal of the initial denial and submitted additional documentation to prove that he was separated from the roofing industry for at least twenty-four months prior to his application for a separation withdraw.

12. On November 3, 2009, the Plan notified Atherton that it had denied his appeal.

13. Atherton has exhausted his administrative appeal rights pursuant to the Plan.

14. Atherton has met the Plan's requirements in order to receive the separation withdraw of his annuity balance from the Plan.

WHEREFORE, Atherton respectfully requests that this Honorable Court order the Defendant to pay the balance from the Plan in accordance with the Plan documents and also order the Defendant to pay attorney's fees and costs.

                        Respectfully submitted,
                        **GOLDBERG KATZMAN, P.C.**

By:    /S/ Michael J. Crocenzi
       Attorney I. D. No. 66255
       320 Market Street
       P. O. Box 1268
       Harrisburg, PA 17108-1268
       Telephone: (717) 234-4161
       *Attorneys for Plaintiff, Mose Atherton*

Date: March 26, 2010